IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 19-00102 |
| | ) | |
| | ) | |
| CHU-CHUANG "KEVIN" HO, | ) | |
| WINTIS CORPORATION, | ) | |
| SHIP COMMUNICATIONS, INC., | ) | |
| AELIS NOVA, LLC, and | ) | |
| MADERDOVE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, the United States of America, through its undersigned attorneys, hereby brings this action against CHU-CHIANG "KEVIN" HO, WINTIS CORPORATION, SHIP COMMUNICATIONS, INC. (SHIP), AELIS NOVA, LLC, and MADERDOVE, LLC, jointly and severally, and alleges the following:

1. The United States initiates this action on behalf of U.S. Customs and Border Protection (CBP), to recover (1) penalties in fraud amounting to $2,948,190, pursuant to 19 U.S.C. § 1592(c)(1); or alternatively, (2) penalties in gross negligence amounting to $1,386,067.60, pursuant to 19 U.S.C. § 1592(c)(2); or alternatively, (3) penalties in negligence amounting to $693,033.80, pursuant to 19 U.S.C. § 1592(c)(3); all relating to six entries of illegal high-intensity discharge (HID) ballasts and equipment (HID Kits) and headlamps.

### Jurisdiction

2. This Court possesses exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1582.

**Defendants & Related Parties**

3. HO was a California resident and was the owner, director, and/or operator of multiple companies incorporated in California, including WINTIS, SHIP, AELIS NOVA, MADERDOVE, Kalex Enterprise Corporation, Atria Corporation, and JNB Enterprise Corporation (JNB), through which HO directed and abetted the importation of illegal HID Kits and lamps into the United States.

4. WINTIS was a California company incorporated on August 31, 2009, with a business address of 4280 Business Center Drive, Fremont, California. WINTIS claimed that it was a "trading business." HO acted as WINTIS's chief executive officer (CEO), secretary, chief financial officer (CFO), and director.

5. SHIP, doing business as Shipreme, was a California company incorporated on May 14, 2009, with a business address of 2526 Qume Drive, Suite 15, San Jose, California. HO was a director of SHIP.

6. AELIS NOVA was a California company incorporated on May 16, 2014, with a business address of 4280 Business Center Drive, Fremont, California. AELIS NOVA claimed that it was a "wholesale/trading company." HO was a director of AELIS NOVA.

7. MADERDOVE was a California company incorporated on April 2, 2014, with business addresses of 9272 Jeronimo Rd., Suite #109, Irvine, California, and 43 Gray Dove, Irvine, California. MADERDOVE claimed that it was a "warehouse" business. HO was a director of MADERDOVE.

8. Kalex Enterprise Corporation (Kalex) was a California company incorporated on May 6, 2005, with a business address of 1288 Copper Peak Lane, San Jose, California. HO was the CEO of Kalex. Kalex claimed that it was in the business of "import/export automobile electrical wiring system[s]."

9. Atria was a California company incorporated on May 11, 2011, with a principal business address of 3025 Belmont Terrace, Fremont, California. Atria claimed that it was a manufacturing/distribution company that focused upon the distribution of indoor and warehouse lighting products. HO was Atria's CEO.

10. JNB Enterprise Corporation (JNB) was a California company incorporated on October 30, 2008, with a business address of 35117 King Court, Fremont, California. HO acted as JNB's Director, CEO and CFO. JNB claimed that it was involved in the "Purchase and Sale of Lighting Equipment and General Goods."

## Summary of Factual Basis

11. HID headlight conversion kits (HID Kits) are headlight equipment installed in automobiles to emit a high-intensity light. HID Kits are prohibited from importation into the United States because they violate Department of Transportation (DOT) safety laws, including those promulgated at 49 C.F.R. § 571.108, as they emit much brighter light than conventional headlights and create a public safety hazard.

12. On or about October 20, 2005, HO, on behalf of Kalex, submitted a Safety Defect and Noncompliance Report Guide for Equipment (Report) to the National Highway Transportation Safety Commission (NHTSC). In the Report, HO admitted that HID Kits which Kalex had imported from China did not comply with U.S. Government safety standards because they did "not meet photometric requirements" and were "too bright." HO stated that Kalex remedied the problem by "discontinu[ing] all products."

13. After HO acknowledged that HID Kits did not comply with U.S. Government safety standards, HO incorporated, and/or participated in the operation of WINTIS, SHIP, AELIS NOVA, MADERDOVE, Atria and JNB, through each of which HO attempted to enter illegal HID Kits and/or illegal headlamps into the United States.

3

***Entry by SHIP and HO***

14. On June 19, 2014, SHIP and HO attempted to enter, or attempted to cause to be entered, into the United States, one entry of HID Kits through the Area Port of San Francisco identified by entry number D53-1411602-6, with the intention that this merchandise be entered into United States commerce.

15. SHIP and HO declared, or caused to be declared, that the subject HID Kits (entry number D53-1411602-6) were classifiable under subheadings 8539.32.0090, 3926.90.9980, 4819.10.0040, and 8544.30.0000 of the HTSUS, knowing that this declaration was not true.

16. CBP discovered that the subject merchandise was misclassified when it first inspected this merchandise, on June 24, 2014.

17. SHIP and HO also submitted, or caused to be submitted, to CBP documents which falsely described the subject HID Kits (entry number D53-1411602-6) as other lighting equipment. The false declarations and statements submitted, or caused to be submitted, by SHIP and HO were intended to affect determinations made by CBP concerning the admissibility of the merchandise into United States commerce.

***Entries by AELIS NOVA and HO***

18. On August 8, 2014, AELIS NOVA and HO attempted to enter, or attempted to cause to be entered, into the United States, one entry of HID Kits identified by entry number 9NK-0001807-5, with the intention that this merchandise be entered into United States commerce.

19. AELIS NOVA and HO declared, or caused to be declared, that the subject HID Kits (entry number 9NK-0001807-5) were classifiable under subheadings 8544.11.0050, 3917.31.0000, 3926.90.9980, 8544.60.2000 and 4819.50.4040 of the HTSUS, knowing that this declaration was not true.

4

20. On August 18, 2014, AELIS NOVA and HO attempted to enter, or attempted to cause to be entered, into the United States, one entry of HID Kits identified by entry number 9NK-00018356, with the intention that this merchandise be entered into United States commerce.

21. AELIS NOVA and HO declared, or caused to be declared, that the subject HID Kits (entry number 9NK-00018356) were classifiable under subheadings 8544.60.20000, 3923.10.0000, and 4819.50.4040 of the HTSUS, knowing that this declaration was not true.

22. AELIS NOVA and HO also submitted, or caused to be submitted, to CBP documents which falsely described these HID Kits (entry numbers 9NK-0001807-5 and 9NK-00018356) as other lighting products. The false declarations and statements submitted, or caused to be submitted, by AELIS NOVA and HO were intended to affect determinations made by CBP concerning the admissibility of the merchandise into United States commerce.

### *Entry by MADERDOVE and HO*

23. On August 8, 2014, MADERDOVE and HO attempted to enter, or attempted to cause to be entered, into the United States, one entry of HID Kits identified by entry number 9NK-0001779-6, with the intention that this merchandise be entered into United States commerce.

24. MADERDOVE and HO declared, or caused to be declared, that the subject HID Kits (entry number 9NK-0001779-6) were classifiable under subheadings 8541.40.2000, 8536.90.8085, 8544.60.2000, and 4817.30.0000 of the HTSUS, knowing that this declaration was not true.

25. MADERDOVE and HO also submitted, or caused to be submitted, to CBP documents which falsely described the subject HID Kits (entry number 9NK-0001779-6) as "LED Decorative Bulb and LED Work Light[s]." The false declarations and statements

5

submitted, or caused to be submitted, by MADERDOVE and HO were intended to affect determinations made by CBP concerning the admissibility of the merchandise into United States commerce.

### *Entries by WINTIS and HO*

26. On June 7, 2016, WINTIS and HO attempted to enter, or attempted to cause to be entered, into the United States, one entry of headlamps identified by entry number 9NK-00040467, with the intention that this merchandise be entered into United States commerce. The subject headlamps did not comply with DOT regulations.

27. WINTIS and HO declared, or caused to be declared, that the subject merchandise (entry number 9NK-00040467) were classifiable under subheading 8541.40.2000 of the HTSUS, knowing that this declaration was not true.

28. On August 31, 2016, WINTIS and HO attempted to enter, or attempted to cause to be entered, into the United States, one entry of headlamps identified by entry number 9NK-00040863, with the intention that this merchandise be entered into United States commerce. The subject headlamps did not comply with DOT regulations.

29. WINTIS and HO declared, or caused to be declared, that the subject merchandise (entry number 9NK-00040863) were classifiable under subheading 8541.40.2000 of the HTSUS, knowing that this declaration was not true.

30. WINTIS and HO also submitted, or caused to be submitted, to CBP documents which falsely described the subject headlamps (entry numbers 9NK-00040467 and 9NK-00040863) as decorative lighting and decorative and working lights. The false declarations and statements submitted, or caused to be submitted, by WINTIS and HO were intended to affect determinations made by CBP concerning the admissibility of the merchandise into United States commerce.

*Attempted Entry by HO*

31. On September 2, 2015, HO attempted to enter equipment associated with HID Kits as he arrived at San Francisco International Airport on a flight from Taiwan.

**Pre-Penalty and Penalty Notices**

32. On May 3, 2019, CBP issued pre-penalty notices to HO, SHIP, AELIS NOVA, MADERDOVE, and WINTIS, for entries described in paragraphs 11 through 31 above.

33. CBP received no response to the May 3, 2019 pre-penalty notices from HO, SHIP, AELIS NOVA, MADERDOVE, or WINTIS.

34. On May 15, 2019, CBP issued penalty notices to HO, SHIP, AELIS NOVA, MADERDOVE, and WINTIS, for entries described in paragraphs 11 through 31 above.

35. Not ATRIA, SHIP, AELIS NOVA, MADERDOVE, WINTIS or HO paid any of the penalties owed. Accordingly, CBP has exhausted all administrative remedies.

**COUNTS**

36. For Counts I through X, the allegations contained in paragraphs one through 35 are restated and incorporated by reference.

**Count I: HO and SHIP**

**COUNT I**

37. The acts described in paragraphs 14 through 17 were committed as the result of fraud by HO and SHIP, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

38. By reason of this fraud, pursuant to 19 U.S.C. § 1592(c)(1), HO and SHIP are jointly and severally liable to the United States for a penalty in the amount of $1,294,720. The penalty is equal to the domestic value of the entry of HID Kits made on June 19, 2014.

### Counts II through IV: HO and AELIS NOVA

### COUNT II

39. The acts described in paragraphs 18 through 22 were committed as the result of fraud by HO and AELIS NOVA, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

40. By reason of this fraud, pursuant to 19 U.S.C. § 1592(c)(1), HO and AELIS NOVA are jointly and severally liable to the United States for a penalty in the amount of $1,550,009. The penalty is equal to the domestic value of the entries of HID Kits made on August 8, 2014 and August 18, 2014.

### COUNT III

41. Alternatively, the acts described in paragraphs 18 through 22 were committed as the result of gross negligence by HO and AELIS NOVA, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

42. By reason of these grossly negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), HO and AELIS NOVA are jointly and severally liable to the United States for a penalty in the amount of $620,003.60. The penalty is equal to 40 percent of the domestic value of the entry of HID Kits made on August 8, 2014 and August 18, 2014.

### COUNT IV

43. Alternatively, the acts described in paragraphs 18 through 22 were committed as the result of negligence by HO and AELIS NOVA, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

44. By reason of these negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), HO and AELIS NOVA are jointly and severally liable to the United States for a penalty in the amount of $310,001.80. The penalty is equal to 20 percent of the domestic value of the entry of HID Kits made on August 8, 2014 and August 18, 2014.

## Counts V through VII: HO and MADERDOVE

### COUNT V

45. The acts described in paragraphs 23 through 25 were committed as the result of fraud by HO and MADERDOVE, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

46. By reason of this fraud, pursuant to 19 U.S.C. § 1592(c)(1), HO and MADERDOVE are jointly and severally liable to the United States for a penalty in the amount of $100,491. The penalty is equal to the domestic value of the entry of HID Kits made on August 8, 2014.

### COUNT VI

47. Alternatively, the acts described in paragraphs 23 through 25 were committed as the result of gross negligence by HO and MADERDOVE, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

48. By reason of these grossly negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), HO and MADERDOVE are jointly and severally liable to the United States for a penalty in the amount of $40,196.40. The penalty is equal to 40 percent of the domestic value of the entry of HID Kits made on August 8, 2014.

### COUNT VII

49. Alternatively, the acts described in paragraphs 23 through 25 were committed as the result of negligence by HO and MADERDOVE, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

50. By reason of these negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), HO and MADERDOVE are jointly and severally liable to the United States for a penalty in the amount of $20,098.20. The penalty is equal to 20 percent of the domestic value of the entry of HID Kits made on August 8, 2014.

## Counts VIII through X:  HO and WINTIS

### COUNT VIII

51. The acts described in paragraphs 26 through 30 were committed as the result of fraud by HO and WINTIS, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

52. By reason of this fraud, pursuant to 19 U.S.C. § 1592(c)(1), HO and WINTIS are jointly and severally liable to the United States for a penalty in the amount of $2,970.  The penalty is equal to the domestic value of the entries of HID Kits made on June 7, 2016 and August 31, 2016.

### COUNT IX

53. Alternatively, the acts described in paragraphs 26 through 30 were committed as the result of gross negligence by HO and WINTIS, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

54. By reason of these grossly negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), HO and WINTIS are jointly and severally liable to the United States for a penalty in the amount of $1,188.  The penalty is equal to 40 percent of the domestic value of the entries of HID Kits made on June 7, 2016 and August 31, 2016.

### COUNT X

55. Alternatively, the acts described in paragraphs 26 through 30 were committed as the result of negligence by HO and WINTIS, in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

56. By reason of these negligent violations, pursuant to 19 U.S.C. § 1592(c)(2), HO and WINTIS are jointly and severally liable to the United States for a penalty in the amount of $594.  The penalty is equal to 20 percent of the domestic value of the entry of headlights made on June 7, 2016 and August 31, 2016.

# PRAYER FOR RELIEF

**WHEREFORE**, the United States respectfully requests that

1. the Court enter judgment against CHU-CHUANG "KEVIN" HO and SHIP COMMUNICATIONS, INC., jointly and severally, for:

Count I: violations of section 1592(A) & (B), at a culpability level of fraud, in the amount of $1,249,720 in penalties, pursuant to 19 U.S.C. § 1592(c)(1), plus such other relief as may be just and appropriate; and,

2. the Court enter judgment against CHU-CHUANG "KEVIN" HO and AELIS NOVA, LLC, jointly and severally, for:

Count II: violations of section 1592(A) & (B) at a culpability level of fraud, in the amount of $1,550,009 in penalties, pursuant to 19 U.S.C. § 1592(c)(2), plus such other relief as may be just and appropriate; or alternatively,

Count III: violations of section 1592(A) & (B) at a culpability level of gross negligence, in the amount of $620,003.60 in penalties, pursuant to 19 U.S.C. § 1592(c)(3), plus such other relief as may be just and appropriate; or alternatively,

Count IV: violations of section 1592(A) & (B) at a culpability level of negligence, in the amount of $310,001.80 in penalties, pursuant to 19 U.S.C. § 1592(c)(3), plus such other relief as may be just and appropriate; and

3. the Court enter judgment against CHU-CHUANG "KEVIN" HO and MADERDOVE, LLC, jointly and severally, for:

Count V: violations of section 1592(A) & (B) at a culpability level of fraud, in the amount of $100,491 in penalties, pursuant to 19 U.S.C. § 1592(c)(2), plus such other relief as may be just and appropriate; or alternatively,

Count VI: violations of section 1592(A) & (B) at a culpability level of gross negligence, in the amount of $40,196.40 in penalties, pursuant to 19 U.S.C. § 1592(c)(3), plus such other relief as may be just and appropriate; or alternatively,

Count VII: violations of section 1592(A) & (B) at a culpability level of negligence, in the amount of $20,098.20 in penalties, pursuant to 19 U.S.C. § 1592(c)(3), plus such other relief as may be just and appropriate; and

4. the Court enter judgment against CHU-CHUANG "KEVIN" HO and WINTIS CORPORATION, jointly and severally, for:

Count VIII: violations of section 1592(A) & (B) at a culpability level of fraud, in the amount of $2,970 in penalties, pursuant to 19 U.S.C. § 1592(c)(2), plus such other relief as may be just and appropriate; or alternatively,

Count IX: violations of section 1592(A) & (B) at a culpability level of gross negligence, in the amount of $1,188 in penalties, pursuant to 19 U.S.C. § 1592(c)(3), plus such other relief as may be just and appropriate; or alternatively,

Count X: violations of section 1592(A) & (B) at a culpability level of negligence, in the amount of $594 in penalties, pursuant to 19 U.S.C. § 1592(c)(3), plus such other relief as may be just and appropriate.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. MCCARTHY
Assistant Director

| | |
|---|---|
| OF COUNSEL:<br>BRIAN P. BEDDINGFIELD<br>Staff Attorney<br>U.S. Customs and Border Protection<br>Office of the Assistant Chief Counsel<br>555 Battery Street, Suite 116<br>San Francisco, CA 94111 | */s/ William Kanellis*<br>WILLIAM KANELLIS<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>1100 L Street, NW, Suite 10000<br>Washington, D.C. 20009<br>(202) 598-5243<br><br>Attorneys for Plaintiff |

Dated: June 21, 2019